1  **WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOAN W. BROWN, | No. CV-09-2272-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| STATE OF ARIZONA AND THE COUNTY OF MARICOPA, ARIZONA, | |
| Defendant. | |

Pending before the Court is the Motion to Dismiss filed by Defendant Maricopa County. (Dkt. # 13.) For the following reasons, the Court denies the Motion.[1]

**BACKGROUND**

Plaintiff Joan W. Brown ("Ms. Brown") brought the instant lawsuit against both the State of Arizona and Maricopa County, alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. § 794. (Dkt. # 1.) According to her Complaint, Ms. Brown was employed as the Media Relations Director at the Maricopa County Superior Court when she began suffering

---

[1] Ms. Brown's request for oral argument is denied. The parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

"episodes of disabling anxiety and depression." (Dkt. # 1 at ¶ 9.) Ms. Brown alleges that she was terminated from her employment with the Superior Court as a result of her disability. (*Id.* at ¶ 13.) In her Complaint, Ms. Brown further alleges that she was employed by both the State of Arizona and Maricopa County because the State and the County "own and/or operate the Maricopa County Superior Court." (*Id.* at ¶ 5.)

On January 4, 2010, Maricopa County filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Maricopa County argues that it is not a proper party to this case as Ms. Brown was employed exclusively by the state.

**DISCUSSION**

The sole issue presented in the Motion to Dismiss is whether Ms. Brown, as the Media Relations Director of the Superior Court, was employed exclusively by the State of Arizona or whether she was employed jointly by the State and by Maricopa County. This issue is generally a question of fact reserved for summary judgment.

Under employment discrimination statutes, such as the ADA and the Rehabilitation Act,[2] the question of whether a plaintiff was jointly employed by two employers is an issue of fact that is typically addressed on summary judgment after the plaintiff has had the opportunity of conducting discovery. *See*, *e.g.*, *Boire v. Greyhound Corp.*, 376 U.S. 473, 481 (1964) ("[W]hether [an entity] possessed sufficient indicia of control" to be a joint employer "is essentially a factual issue . . . ."); *Robinson v. Sappington*, 351 F.3d 317, 338 and n. 9 (7th Cir. 2003) (holding that the joint-employer question in the context of a discrimination claim

---

[2]In addressing the issues relevant to Ms. Brown's ADA and Rehabilitation Act claims, the Court relies on case law discussing joint employment in the context of Title VII as well as other discrimination statutes. This is so because the "joint employer" doctrine applies in the same manner across Title VII, Age Discrimination in Employment Act, and ADA claims. *Rubino v. ACME Bldg. Maint.*, 2008 WL 5245219, at *3 n. 4 (N.D. Cal. Dec. 15, 2008) (citation omitted); *see also Clackamas Gastroenterology Assocs. v. Wells*, 538 U.S. 440, 447 n. 7 (2003) (holding that the standards for determining employment status apply equally to the ADA, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Equal Pay Act of 1963). *See also Redd v. Summers*, 232 F.3d 933, 938 (D.C. Cir. 2000) (analogizing from Title VII and other discrimination cases to determine whether an entity was a joint employer under the Rehabilitation Act).

against a state official and the county is "fact-bound"); *see also Sibbald v. Johnson*, 294 F. Supp.2d 1173, 1177 (S.D. Cal. 2003) (observing at the summary judgment stage that a Title VII plaintiff has the burden of "com[ing] forward with evidence to show that there is a genuine issue of material fact with respect to joint employment"). "[B]efore a person or entity can be a joint employer, it must possess the attributes of an employer to some degree." *EEOC v. Pac. Maritime Ass'n.*, 351 F.3d 1270, 1275 (9th Cir. 2003). Accordingly, the Supreme Court has elucidated the following list of non-exclusive factors for determining whether an entity is an individual's employer under discrimination statutes, such as the ADA:

> (1) Whether the organization can hire or fire the individual or set the rules and regulations of the individual's work;
>
> (2) Whether and, if so, to what extent the organization supervises the individual's work;
>
> (3) Whether the individual reports to someone higher in the organization;
>
> (4) Whether and, if so, to what extent the individual is able to influence the organization;
>
> (5) Whether the parties intended that the individual be an employee, as expressed in written agreements or contracts
>
> (6) Whether the individual shares in the profits, losses, and liabilities of the organization.

*Clackamas*, 538 U.S. at 449–50. Amongst these factors, the Ninth Circuit has observed that the key to *joint-employment* is the alleged employers' "right to hire, supervise, and fire employees." *Pac. Maritime Ass'n*, 351 F.3d at 1277. (citations omitted).

In this case, Maricopa County argues that it was not Ms. Brown's employer because, under Arizona state law, employees of the county superior courts are agents and employees of the state, rather than the county. *See Salerno v. Espinoza*, 210 Ariz. 586, 588, 115 P.3d 626, 628 (Ct. App. 2005) (holding that a deputy clerk of the Superior Court is an employee of the State of Arizona). Relying on *Salerno*, the County insists that state principles of separation of powers prevent counties, which are a part of Arizona's executive branch, from interfering with the operations of the judiciary. Accordingly, the County argues that it cannot be considered a joint employer with the State of Arizona over judicial employees, such as

Ms. Brown. In a recent decision, however, the Seventh Circuit rejected this separation of powers argument. *See Robinson*, 351 F.3d at 339. In *Robinson*, a judicial clerk for a county judge sued both the state and the county under Title VII for sexual harassment and a hostile work environment. *Id.* at 320. At the summary judgment stage, the county argued that the clerk was exclusively a state employee based on state-law principles of separation of powers. *Id.* at 338. In rejecting this argument, the Seventh Circuit explained why this argument was fundamentally flawed:

> First, a State's principles of internal organization cannot frustrate federal law. *See Carver v. Sheriff of LaSalle County*, 243 F.3d 379, 385 (7th Cir. 2001). Second, "[i]dentification of an 'employer' under [federal discrimination statutes] is a question of federal law." *Id.* at 382. Finally, "the source of funds" needed to satisfy a . . . judgment "need not coincide with the identity of the employer." *Id.* Consequently, regardless whether [the county] is [the plaintiff's] sole employer or joint employer, it still may be responsible for payment of an adverse judgment.

*Id.* at 339 n. 14.

In other words, although Arizona law may imply that county superior court officers are employees and agents of the state, Plaintiff does not explain why a state law definition of an employer is dispositive of the employment relationship under the ADA and the Rehabilitation Act. The cases cited by Plaintiff do not rely on the Supreme Court's factors for determining joint employment. *See, e.g.*, *Salerno*, 210 Ariz. at 588, 115 P.3d at 628 (applying Arizona law, rather than federal law, in determining that an employee of the Superior Court is an employee of the State rather than the County). Moreover, as in *Robinson*, the County may be responsible for payment of an adverse judgment against the State, regardless of the County's employment relationship with Ms. Brown. *See Robinson*, 351 F.3d at 339 at n. 14.

/ / /

/ / /

**CONCLUSION**

Because the issue of joint employment is a question of fact, the Court will treat Ms. Brown's allegations of joint employment as true for the purposes of this Motion.

**IT IS THEREFORE ORDERED** that Maricopa County's Motion to Dismiss (Dkt # 13) is **DENIED**.

DATED this 28th day of January, 2010.

_____
G. Murray Snow
United States District Judge